**Christian Godfrey ABSOLOM, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 10–73252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2015.

Filed Nov. 25, 2015.

Marc Van Der Hout, Valerie Anne Zukin, Esquire, Van Der Hout, Brigagliano & Nightingale, LLP, San Francisco, CA, for Petitioner.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMAS, Chief Judge, and IKUTA and HURWITZ, Circuit Judges.

MEMORANDUM *

Christian Absolom, a native and citizen of South Africa, petitions for review of a decision of the Board of Immigration Appeals (BIA), affirming the denial by an Immigration Judge (IJ) of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

1. Substantial evidence supports the IJ's finding that the government rebutted the presumption that Absolom has a well-founded fear of future persecution. The Department of State's 2006 Country Report, submitted by the government, documented that the precise reason for Absolom's prior persecution, apartheid, had ceased and had been replaced by a legal regime prohibiting discrimination against colored people and placing "a responsibility on the state and any person in the public domain to promote equality." It is difficult to imagine a more dramatic change in government-sanctioned persecution than the fall of the apartheid regime. The IJ also conducted the required indi-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vidualized analysis. *See Singh v. Holder,* 753 F.3d 826, 834 (9th Cir.2014); *Ali v. Holder,* 637 F.3d 1025, 1030 (9th Cir.2011). Accordingly, the IJ did not err in denying Absolom's asylum claim.

2. Because Absolom is ineligible for asylum, we need not determine whether the IJ's discretionary denial of his asylum claim was an abuse of discretion.

3. Substantial evidence also supported the BIA's determination, based on the IJ's factual findings, that Absolom had not demonstrated eligibility for humanitarian asylum. "This avenue for asylum has been reserved for rare situations of 'atrocious' persecution." *Vongsakdy v. INS,* 171 F.3d 1203, 1205 (9th Cir.1999).

4. Because Absolom failed to satisfy the "well-founded fear" requirement for asylum, he necessarily failed also to satisfy the more stringent "clear probability of persecution" standard for withholding of removal. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

5. The IJ's conclusion that Absolom had not demonstrated that it was more likely than not that he would be tortured if removed to South Africa was supported by substantial evidence. *See* 8 C.F.R. § 1208.16(c)(2). Therefore, the IJ did not err in denying Absolom's CAT claim.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.